# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8017 | **DATE** | 11/14/2003 |
| **CASE TITLE** | Pierre L. Moore vs. Phillip Martin, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Moore is ordered to supplement the complaint with a statement as to the outcome of that mandamus action shortly after December 22, to enable this Court to determine whether this civil action may go forward at this time. Moore's application to proceed without prepayment is granted.(3-1) As soon as the balance in Moore's account reaches at least $1.67 the appropriate authorities at Pontiac are to remit that sum to the Clerk of Court. Monthly payments shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 17 2003 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | /2003 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIERRE L. MOORE #K-61446, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 8017 |
| PHILLIP MARTIN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pierre Moore ("Moore"), a prisoner now in custody at the Pontiac Correctional Center ("Pontiac"), has submitted an extraordinarily lengthy pro se Complaint against no fewer than 34 defendants (including six unidentified "Doe" defendants), advancing a group of claims under 42 U.S.C. §1983 ("Section 1983") and a number of related claims under Illinois state law.[1] This Court has engaged in the preliminary screening required as

---

[1] Although Complaint ¶¶46 and 47 refer to attached Exhibits A and B, Moore's mailing failed to include any such exhibits. Instead he has tendered 29 counterparts of the Complaint (all lacking exhibits), leaving him one short of the number required for service on all except the Doe defendants (perhaps Moore was unaware of the requirement that two counterparts are needed by the court--one to serve as the original file document and the other to be delivered to the chambers of the judge to whom the case is assigned). Because for the reasons stated here it is presently uncertain whether this action will or will not be able to proceed, Moore will not be required at this time to submit such a large number of copies of the missing exhibits. Instead for the present he is ordered to submit, together with the supplement to the Complaint referred to later in this opinion, only <u>one</u> full set of exhibits and one additional counterpart of the Complaint.

to any prisoner-instituted complaints under 28 U.S.C. §1915A(a),[2] and this memorandum opinion and order reflects the results of that threshold review.

It should first be said that even though the Complaint unquestionably violates the standards of Fed. R. Civ. P. ("Rule") 8(a) that call for "a short and plain statement of the claim showing that the pleader is entitled to relief"--its 35 closely handwritten pages comprise fully 170 numbered paragraphs plus a three-page prayer for relief--it does not pose the problem that is too often associated with prolix pro se pleadings: the presentation of assertions that are both sprawling and unintelligible, so that it is difficult to make out the nature of just what is being claimed. Instead Moore's Complaint, although its length is generated by his detailed pleading of evidence rather than conforming to the type of notice pleading contemplated by the Rules, presents a clear and orderly narrative of the events that Moore claims to have constituted violations of his constitutional and other rights. Accordingly this Court will not require the reshaping of the Complaint to conform to Rule 8(a), but will instead leave the pleading in its present form.

With that said, this opinion turns to the congressionally

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

decreed precondition to all prisoner litigation: the requirement that all available administrative proceedings be exhausted before a prisoner can turn to the federal courts for relief (42 U.S.C. §1997e(a)). In that respect Complaint ¶¶41 through 48 (the portion of the Complaint that is included within the heading "V. EXHAUSTION") describe Moore's efforts to avail himself of the grievance procedure available in the Illinois Department of Corrections, culminating in what he describes in Complaint ¶47:

> The plaintiff filed a Petition of Mandamus to compel officials of the Administrative Review Board, Office of Inmates Issues to hear his grievance which is set for a hearing on the motions on December 22, 2003 at 11:00 a.m. in Livingston County Courthouse. Pierre L. Moore v. Administrative Review Bd. No. 03 MR 103 Circuit Judge Harold J. Frobish.

Under those circumstances it cannot yet be said whether Moore has satisfied the earlier-cited statutory precondition to suit. Accordingly he is ordered to supplement the Complaint with a statement as to the outcome of that mandamus action shortly after December 22, to enable this Court to determine whether this civil action may go forward at this time.

In the meantime Moore's institution of this action has brought into play Section 1915, in connection with which he has submitted (1) a filled-in form of Application To Proceed In Forma Pauperis ("Application") as required by Section 1915(a)(1) and (2) an accompanying printout showing the transactions in his inmate trust fund account at Pontiac as required by Section

1915(a)(2). Based on those submissions, this Court grants the Application to the extent that Moore will not be required to pay the entire $150 filing fee in advance, although he is obligated to pay the fee in future installments. Because the average monthly deposits into his prison account during the six-month period ended October 30, 2003 amount to just $8.33, the initial partial filing fee that must be paid comes to $1.67 (Section 1915(b)(1)). And because there is presently a negative balance in the account, the appropriate authorities at Pontiac (to whom a copy of this memorandum opinion and order is being mailed) are ordered to remit that sum to the Clerk of this District Court as soon as the balance in the account is at least $1.67.

After such initial payment, the trust fund officer at Pontiac or any other correctional facility where Moore is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Moore's name and

the 03 C 8017 case number assigned to this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 14, 2003